United States District Court
Southern District of Texas
**ENTERED**
June 09, 2020
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 19-450-1 |
| | § | |
| JEFFREY STERN, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING MOTION FOR RECONSDIERATION OF ORDER OF DETENTION

Jeffrey Stern, a detainee at the Houston Federal Detention Center, moves for reconsideration of his order of detention and for temporary release under the Bail Reform Act, 18 U.S.C. § 3142(i), citing changed circumstances due to the current pandemic. (Docket Entry No. 126). The government opposed the motion, and Stern responded. (Docket Entry No. 127, 128). Based on the motion, the response, and reply, the record, and the applicable law, the court denies Stern's motion for reconsideration and for temporary release. The reasons are set out below.

### I.      Background

In 2019, Stern was charged with willfully filing false tax returns under 26 U.S.C. § 7206(1) and conspiracy to defraud the United States under 18 U.S.C. § 371. (Docket Entry Nos. 1, 8). The indictment also alleged that Stern engaged in obstruction of justice and concealment as part of this conspiracy. (Docket Entry No. 8 at 32–33).

At the magistrate-judge detention hearing, the government presented evidence that Stern had ordered the destruction of evidence and had intimidated witnesses. (Docket Entry No. 50). The judge issued an order of detention pending trial, finding "by clear and convincing evidence [that] . . . there are no conditions or combination of conditions" to assure the safety of the

community from Stern's obstruction of justice and tampering with witnesses and evidence.  (*Id.* at 149).  The judge also found that Stern was a flight risk.  (*Id.* at 150).  Stern appealed to this court. After argument, this court affirmed the findings and ordered Stern to be detained pending trial. (Docket Entry No. 65).  Stern appealed to the Fifth Circuit, which also affirmed the detention order.  (Docket Entry No. 105).

In February 2020, Stern pleaded guilty to two counts in the indictment.  (Docket Entry No. 119).  He is in custody pending sentencing.

## II.     The Legal Standard

The Bail Reform Act of 1984 provides that a defendant "who has been found guilty of an offense and who is awaiting imposition or execution of sentence" shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."  18 U.S.C. § 3143(a); *see also United States v. Robinson*, 772 F. App'x 206, 206 (5th Cir. 2019) ("[U]nless there is clear and convincing evidence that [a defendant] presents no risk of danger to any person or to the community, presentence detention is mandated.").   The Fifth Circuit explains that a "presumption in favor of detention . . .  attaches to a convicted defendant."  *United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016).  The defendant bears the burden to show by clear and convincing evidence that temporary release is appropriate.  *See United States v. Pivaral-DeLeon*, 678 F. App'x 273, 274 (5th Cir. 2017); *see also* FED. R. CRIM. P. 46(c).

Stern moved under § 3142, which governs pretrial release and detention and provides that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the
> person, in the custody of the United States marshal or another appropriate person,
> to the extent that the judicial officer determines such release to be necessary for
> preparation of the person's defense or for another compelling reason.

2

18 U.S.C. § 3142(i).  Courts across the country have analyzed whether a convicted defendant may move for release under § 3142(i), notwithstanding the fact that § 3143 applies postconviction, with varying results.  *See United States v. Morris*, No. 3:19-CR-573-B, 2020 WL 1694301, at *1 (N.D. Tex. Apr. 6, 2020) (collecting cases).  Most recently, a Northern District of Texas court held that § 3142(i) did not apply to motions for postconviction release, explaining:

> Rule 46(a) of Federal Rules of Criminal Procedure expressly states that § 3142 governs pretrial release, while paragraph (c) of that rule states that § 3143 governs release pending sentencing or appeal. The detailed and reasoned discussion in [*United States v. Hartsell*, ⸺ F. Supp.3d ⸺, 2020 WL 1482175 (N.D. Ind. 2020)] regarding why § 3142(i) is inapplicable is persuasive. The Court respectfully disagrees with [*United States v. Kennedy*, No. 18-20315, ⸺ F.Supp.3d ⸺, 2020 WL 1493481 (E.D. Mich. Mar. 27, 2020)], especially in light of its reliance on cases that did not involve defendants who were awaiting sentencing, and finds that § 3142(i) does not apply in the post-plea context.

*Id.* at *2.

The court agrees.  Section 3142(i) does not apply in this context.  Stern's motion is analyzed under § 3143.

## III.   Analysis

Stern claims four "changed circumstances" that merit his temporary release.  (Docket Entry No. 126).  First, as a 63 year-old man with asthma, he is "most-at-risk" for contracting COVID-19 or suffering a severe case.  (*Id.* at 1).  Second, the Federal Detention Center is not testing inmates or staff members for COVID-19, though it was quarantining new inmates for 14 days and taking the temperature of all staff entering the FDC.  (*Id.* at 2).  Stern informed the court that the FDC started testing new inmates after he filed this motion, but he continues to argue that the failure to test all inmates, as well as the crowded conditions at the FDC, demonstrates that Stern is still at a high risk from the disease.  (*See* Docket Entry No. 128 at 6–7; Docket Entry No. 128-1).  Third, Stern has pleaded guilty and is soon to begin cooperating with the government.  (*Id.* at 2–3).  Fourth, and finally, Stern "no longer has any ability to flee, no longer has any reason to flee, and

no longer has any ability to access funds from an offshore trust (thus eliminating any financial ability to live a life abroad)." (*Id.* at 3–4). Stern argues that these four circumstances, combined with "his desire to cooperate with the Government as soon as possible," remove the reasons for his continued detention. (*Id.* at 5–6). He asks to be confined to his residence with electronic monitoring and other conditions that the government or court might require. (*Id.* at 6).

The government responds that temporary release is not justified because Stern has not met his burden to prove by clear and convincing evidence that he presents no danger to the community and is not a flight risk. (Docket Entry No. 127 at 4).[1] The government argues that Stern "still potentially has the financial wherewithal to flee," noting that his off-shore accounts contain millions of dollars and the government does not know if Stern has other foreign bank accounts. (*Id.* at 5). The government argues that "Stern has lied for years to banks and to the IRS, he made extensive efforts to obstruct justice, and he continued to do these things while represented by counsel and behind his own lawyers' backs." (*Id.*).

Stern responds that he "would be a fool" to flee or tamper with evidence because it would jeopardize his plea arrangement with the government and potentially subject him to further criminal charges. (Docket Entry No. 128 at 3). He argues that he no longer poses a risk of obstruction of justice or witness tampering because the alleged targets of his past conduct have now pleaded guilty. (*Id.* at 7).

The court finds that Stern has not met his burden to show by clear and convincing evidence that he is not a flight risk nor a threat to the community. Stern has pleaded guilty since the original bond hearing. Stern's conviction exposes him to a potentially lengthy prison term, giving him an

---

1 The government also argues that COVID-19 does not represent an "exceptional reason" under 18 U.S.C. § 3145(c) warranting reconsideration of the court's detention order. (Docket Entry No. 127 at 6–8). Because the court finds that Stern has not met his burden under § 3143, it need not reach this issue.

incentive to flee.  (*See* Docket Entry No. 126 at 4 n.6).  The guilty pleas from both potential identified targets of Stern's obstruction underscore the evidence at the bond hearing that Stern "would do whatever it took to protect himself."  (Docket Entry No. 50 at 86).  The court continues to find that "there are no conditions or combination of conditions" that could be devised to assure the safety of the community.  Stern's detention while awaiting sentencing is appropriate.

The court recognizes the grave risks of the Corona virus and the enhanced risks presented when individuals are required to live together in close quarters.  The court acknowledges that those risks may be increased by Stern's age and asthma.   But the Federal Detention Center has implemented a number of steps to mitigate the risks of COVID-19 transmission, including testing all incoming inmates and either quarantining those who test negative or isolating those who test positive.  (*See* Docket Entry No. 128-1).  There is currently only one reported case of COVID-19 at the FDC, and that individual has been quarantined.  (Docket Entry No. 129 at 2).  There is no present basis to conclude that the FDC is incapable of responding to the risks that Stern faces.[2] While release to home confinement would reduce the risks to Stern, the court cannot find that this benefit to Stern outweighs the risks to the public of his release.

Because Stern has not met his burden of showing that he does not pose a risk to the community or a flight risk, and because no other factor supports his release, Stern's motion is denied.

---

[2] The court also notes that the Bureau of Prisons is working on improving practices and procedures inside facilities like the FDC in the face of this crisis.

5

**IV.    Conclusion**

Stern's motion for reconsideration of his order of detention and for temporary release, (Docket Entry No. 126), is denied.

SIGNED on June 9, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge